NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-851

COMMONWEALTH

vs.

HENRY H., a juvenile.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In 2011 the juvenile pleaded delinquent to carrying a firearm without a license and assault and battery by means of a dangerous weapon. Thirteen years later the juvenile moved to withdraw his plea, arguing that it was not knowing and voluntary because the plea judge failed to advise him that the plea could be used as a predicate offense under the subsequent offender provisions of G. L. c. 269, § 10 (d) and the Massachusetts armed career criminal act, G. L. c. 269, § 10G (ACCA). The juvenile further argued that his plea counsel was ineffective for failing to advise him of the same and that there was an insufficient factual basis for the plea. A Juvenile Court judge (motion judge), who was not the plea judge, denied the juvenile's motion

without an evidentiary hearing and later denied his motion for reconsideration.  The juvenile appeals from both orders.  We affirm.

Background.  In January 2011 the juvenile, then fifteen years old, was charged in the Juvenile Court with carrying a firearm without a license, possessing ammunition without a firearm identification card, carrying a loaded firearm without a license, discharging a firearm within five hundred feet of a building, using a firearm during the commission of a felony, armed assault with intent to murder, and assault and battery by means of a dangerous weapon.  As stated by the prosecutor at the plea hearing, the charges stemmed from an incident in which either the juvenile or his companion "fired three shots" from a revolver that they "jointly possessed," hitting the victim one time in the neck.  In March 2011 the juvenile admitted to these facts, pleaded delinquent to carrying a firearm without a license and assault and battery by means of a dangerous weapon, and was committed to the Department of Youth Services (DYS) until his eighteenth birthday.  In exchange the Commonwealth dismissed the remaining charges.

At the time of the juvenile's plea, he had another open case stemming from an incident in which he stabbed his brother with a knife.  The juvenile resolved that case in April 2011 by pleading delinquent to assault and battery by means of a

2

dangerous weapon.  A second charge of attempted murder was dismissed.

In December 2019 a grand jury indicted the juvenile (who by this time was twenty-four years old) for carrying a firearm without a license, subsequent offense, and possession of ammunition, among other charges.[1]  The subsequent offense portion of the first indictment was based on the juvenile's plea in this case.  In addition, both indictments charged the juvenile with two predicate offenses under the ACCA based on his plea in this case and his April 2011 plea to assault and battery by means of a dangerous weapon.  These predicate offenses potentially subjected the juvenile to enhanced punishment under the ACCA.

Discussion.  A judge may allow a motion to withdraw a plea only if "it appears that justice may not have been done." Commonwealth v. Lopez, 426 Mass. 657, 662 (1998), quoting Commonwealth v. Fanelli, 412 Mass. 497, 504 (1992).  In deciding such a motion, the judge may proceed "based solely on affidavits; may discredit untrustworthy affidavits; and need only proceed to [an] evidentiary hearing 'where a substantial issue is raised [by the motion or affidavits] and is supported by a substantial evidentiary showing.'"  Lopez, supra at 663,

---

[1] The other charges included armed assault with intent to murder and assault and battery by means of a dangerous weapon causing serious bodily injury.

3

quoting Commonwealth v. Stewart, 383 Mass. 253, 260 (1981).  On appeal we review the judge's decision for a significant error of law or other abuse of discretion.  See Commonwealth v. Lastowski, 478 Mass. 572, 575 (2018).

1.  Knowing and voluntary plea.  It is uncontested that the plea judge did not warn the juvenile at the plea hearing that his plea could subject him to enhanced punishment under G. L. c. 269, § 10 (d), and the ACCA were he to commit a future crime.  The juvenile argues that the lack of such a warning violated his due process rights, entitling him to a new trial.  In the alternative the juvenile argues that the motion judge abused her discretion by not granting him an evidentiary hearing on his claim.

These arguments are foreclosed by precedent.  It is a "well-settled principle that a judge's failure to inform a defendant of a collateral consequence -- such as civil confinement -- is, without more, insufficient to render a defendant's guilty plea involuntary under the due process clause."  Commonwealth v. Roberts, 472 Mass. 355, 364 (2015).  See Commonwealth v. Santiago, 394 Mass. 25, 30 (1985) (lack of warning about parole consequences did not invalidate pleas).  Thus, the absence of a warning here about the potential for future sentencing enhancements -- a consequence that could only be triggered were the juvenile to commit another crime -- did

4

not violate the juvenile's right to due process. See Roberts, supra at 363 (due process does not require warning about potential for civil confinement as sexually dangerous person because civil confinement, "although tangentially connected to the criminal process, is not a 'virtually mandatory' consequence of a sexual offense conviction").

The juvenile's briefs on appeal do not address this well-established precedent. To the extent the juvenile argues that advancements in the science of juvenile brain development warrant a departure from the precedent, we are unpersuaded. The juvenile's reliance on cases such as Commonwealth v. Mattis, 493 Mass. 216 (2024), is misplaced. Those cases arose in the context of sentencing and do not bear on the scope of a judge's duty, as a matter of due process, to advise a juvenile of the consequences of a plea. See id. at 234-235 (sentence of life without parole for emerging adults violates prohibition against cruel and unusual punishment); Commonwealth v. Price, 106 Mass. App. Ct. 376, 380 (2025) ("circumstances around submitting a plea of guilty" are different from considerations discussed in Mattis).

The juvenile's reliance on Mass. R. Crim. P. 12 (c) (3) (B) is also misplaced. Under the version of that rule in effect at the time of the juvenile's plea, judges were required to inform defendants "where appropriate, of the maximum possible sentence

5

on the charge, and . . . of any different or additional punishment based upon subsequent offense . . . provisions of the General Laws, if applicable." Mass. R. Crim. P. 12 (c) (3) (B), as appearing in 442 Mass. 1514 (2004). The most natural reading of this language is that it is referring to any subsequent offender enhancements applicable to the charge to which the defendant is pleading guilty. And in any event, while rule 12 "was intended to modify judicial practice by broadening the scope of the duty to advise a criminal defendant of the implications of a guilty plea," it does "not transform [a collateral consequence] into a direct consequence of a conviction for constitutional purposes." Roberts, 472 Mass. at 362. Thus, any failure by the plea judge to comply with rule 12 does not, by itself, invalidate the juvenile's plea.

Furthermore, the juvenile's claim fails for the independent reason that he failed to demonstrate prejudice. To be entitled to relief, the juvenile had to establish "a reasonable probability that but for the judge's error he . . . would not have pleaded [delinquent] and would have insisted on proceeding to trial." Roberts, 472 Mass. at 365. The juvenile did not meet this burden. As the motion judge found, the juvenile received a favorable plea deal, resulting in only two and one-half years in DYS custody and allowing him to avoid a youthful offender indictment. The charges that the Commonwealth

6

dismissed in exchange included armed assault with intent to murder, which carried severe potential penalties.  Moreover, the juvenile failed to identify a viable defense that he could have raised had he gone to trial.  See id. (factors to consider in deciding motion to withdraw plea include whether defendant "referenced weaknesses in the Commonwealth's case or a possible defense" [quotation and citation omitted]).  The juvenile's bare assertion that this was a "triable case" is insufficient to meet his burden, particularly where "through no fault of the Commonwealth, the passage of time has destroyed or eroded the record of the proceeding," the consequences of which must be borne by "the defendant rather than the Commonwealth." Commonwealth v. Wheeler, 52 Mass. App. Ct. 631, 637 (2001).  See Commonwealth v. DeMarco, 387 Mass. 481, 486 (1982) ("a judge should only grant a postsentence motion to withdraw a plea if the defendant comes forward with a credible reason which outweighs the risk of prejudice to the Commonwealth" [footnote omitted]).

In these circumstances the motion judge was well warranted in discrediting the juvenile's assertion in his affidavit that had he "known of the possible ACCA and subsequent offender consequences, [he] would have pushed [his] attorney to take the case to trial even if the [prosecutor] was threatening a [youthful offender charge]."  The juvenile failed to make a

7

credible showing that knowledge about the possibility of future sentencing enhancements -- which again would only be triggered if he committed new crimes -- would have made a difference in his decision to plead guilty. See Lopez, 426 Mass. at 663 (requirement that defendant "provide sufficient credible and reliable factual evidence" in support of motion to withdraw plea "is particularly applicable when the challenge to a prior conviction arises in the sentencing enhancement context"). The juvenile's "dilatoriness" in moving to withdraw his plea further "suggest[s] that, when the plea was made, [he] was satisfied with his arrangement," id., and came to regret his choice only when he faced collateral consequences in connection with the new crimes he committed years later. For these reasons we discern no error of law or abuse of discretion in the motion judge's denial of the juvenile's claim without an evidentiary hearing.

2. Ineffective assistance of counsel. For similar reasons we conclude that the motion judge did not err in denying the juvenile's ineffective assistance claim without an evidentiary hearing. "Generally, in Massachusetts, [counsel's] failure to inform a defendant of the collateral or contingent consequences of a plea does not render the plea involuntary." Commonwealth v. Henry, 488 Mass. 484, 497 (2021). See Commonwealth v. Minon, 102 Mass. App. Ct. 244, 247 (2023) ("Advice as to collateral consequences . . . has been considered outside the ambit of the

8

right to the effective assistance of counsel").  Thus, it is not ineffective assistance for an attorney to neglect to advise a "defendant of the collateral consequences of his plea agreement with respect to possible future sentencing enhancements should he be convicted of another crime."  Henry, supra.  Cf. Commonwealth v. Sylvester, 476 Mass. 1, 8 (2016) (counsel not ineffective for giving defendant incomplete advice about duty to register as sex offender under then-current version of sex offender registration law); Commonwealth v. Erler, 106 Mass. App. Ct. 149, 154-155 (2025) (counsel not ineffective for failing to inform defendant that conviction could cause him to lose right to possess firearms).  Henry forecloses the juvenile's claim, even were we to accept that his plea counsel did not advise him of the subsequent offender consequences of his plea.[2]  Furthermore, as discussed above, the juvenile did not make a credible showing that it would have been rational in the circumstances for him to reject the plea deal and go to trial.  He has therefore failed to demonstrate that any deficient performance of plea counsel prejudiced his defense.  See Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).

3.  Factual basis of plea.  Finally, the juvenile argues that the evidence was insufficient to establish the following

---

[2] The motion judge did not credit plea counsel's assertion that she neglected to advise the juvenile of those consequences.

9

elements of the offenses to which he pleaded delinquent: operability of the firearm; his possession of the firearm and participation in the assault and battery either as a principal or joint venturer; and identification. In so arguing, the juvenile asks us to apply the standard of review applicable to a denial of a motion for a required finding of not guilty at trial. But the factual basis for a plea need not satisfy that standard; rather, the plea judge need determine "only whether the evidence which [the judge] ha[s] heard, plus any information [the judge] has obtained in the plea hearing, is sufficient, when considered with reasonable inferences which may be drawn therefrom, to support the charge to which the defendant is offering a plea of guilty." Commonwealth v. Abreau, 102 Mass. App. Ct. 51, 55 (2022), quoting Commonwealth v. Armstrong, 88 Mass. App. Ct. 756, 758 (2015).

Here, the information before the plea judge was sufficient to support the charges. As mentioned, the prosecutor stated at the plea hearing that the juvenile and his companion "jointly possessed a .22 caliber revolver" and that either the juvenile or his companion "fired three shots from the revolver, both of them intending to shoot" the victim. These facts, which the juvenile admitted to be true, established that the firearm was operable, that the juvenile possessed it, and that he intended

10

to assault the victim.  We therefore agree with the motion judge that there was a sufficient factual basis for the plea.

Order denying motion to
  withdraw plea affirmed.

Order denying motion to
  reconsider affirmed.

By the Court (Blake, C.J.,
  Shin & Wood, JJ.[3]),

Clerk

Entered:  July 2, 2026.

---

[3] The panelists are listed in order of seniority.